UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD BURGO** | CIVIL NO. 6:15-cv-0303 |
| VS. | SECTION P |
| **WARDEN LOUISIANA STATE** | JUDGE HAIK |
| **PENITENTIARY** | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Before the court are various pleadings which have been construed as petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Donald Burgo on February 10, 2015. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1]

In his rambling pleadings, Burgo appears to challenge his 2006 convictions for cruelty to the infirm, entered in the 16th Judicial District Court for St. Mary Parish, and his subsequent August 30, 2006 adjudication as an habitual offender, for which he is serving an eight year concurrent sentence.[2] Petitioner additionally complains about events connected to the succession action of his adopted father, James Samuel Burgo.[3]

---

[1] Burgo was apparently to be released from custody on March 24, 2015. *See* rec. doc. 10-1.

[2] *See Burgo v. Stratton*, 6:09-1166, 2010 WL 582737, *1 (W.D. La. 2010) *citing Burgo v. Ruiz,* 6:09cv1165 (W.D. La. 2009) and *State v. Burgo*, 07–0227, 958 So.2d 1217 (La. App. 1st  Cir. 6/8/07) (unpublished).

[3] *See* "Succession of James S. Burgo", Sixteenth Judicial District Court for St. Mary Parish, Louisiana, docket number 19379.

By separate pleading [rec. doc. 9], Burgo seeks a preliminary injunction to prohibit Warden Cain and the State of Louisiana from enforcing certain restrictions upon his release from prison, as well as an injunction against attorney Robert P. Fuhrer, who presumably represented Burgo's daughter (the decedent's granddaughter) and adoptive mother (Lois Sampey Burgo) against petitioner's challenges in the succession proceeding, from taking action on behalf of his clients.[4]

## LAW AND ANALYSIS

This court's records demonstrate that petitioner filed three previous federal petitions for writ of *habeas corpus* in which he attacked these same convictions. *Donald Burgo v. Robert Henderson, Warden*, No. 6:10-cv-1647, 2011 WL 1188703 and 2011 WL 2357218 (W.D. La. 2011); *Burgo v. Warden C. Paul Phelps Correctional Center*, 6:11-cv-1338 (W.D. La. 2011) and *Burgo v. Warden C. Paul Phelps Correctional Center*, 6:12-cv-705 (W.D. La. 2012).

---

[4]Petitioner refers to an affidavit he filed contemporaneously with his Motion. In that pleading, petitioner states that he was to be released from prison on March 24, 2015. He complains that upon his release he will apparently be subject to various conditions including the posting of a bond, that he not go to his mother's house, that he not bear arms, and not travel or "investigate" "without limitation or curfew." He additionally complains that attorney Fuhrer used and legal process to deprive Burgo of the right to invest monies from his father's estate (awarded to his mother pursuant to the decedent's last will and testament) and obtained a restraining order against petitioner. [*See* rec. doc. 10-1]. Burgo has also attached a March 13, 2015 letter from Fuhrer wherein he advises Burgo not to go to his mother's house as that would be in violation of his probation, that he could retrieve the key to his mobile home (which was repaired and utilities reinstated apparently by his mother) from the Sheriff's office, that money to pay his driver would be in an envelope at the mobile home and that two boxes (apparently sent from the prison containing Burgo's personal belongs) could be retrieved from Fuhrer's office by appointment. He additionally advised that since Burgo had sued his mother, daughter and Fuhrer, they would not meet with him unless by court order. [rec. doc. 10-2, pg. 2].

Petitioner has also previously unsuccessfully attempted to remove his deceased adoptive father's succession action to this Court, in an attempt to annul the Judgment of Possession issued therein, disposing of the decedent's property in accordance with his Last Will and Testament, to his surviving spouse, Lois Sampey Burgo. *Burgo v. James S. Burgo Succession*, 6:14-cv-3078 (W.D. La. 2014).

The first *habeas* petition was denied and dismissed with prejudice on March 25, 2011 because the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner's request for a certificate of appealability was denied on September 13, 2011 by the United States Court of Appeals for the Fifth Circuit. *Donald Burgo v. Robert Henderson, Warden*, No. 11-30355 (5th Cir. 2011).

The second *habeas* petition was deemed a second and successive petition filed without authorization from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A), thereby rendering this court without jurisdiction to proceed. Accordingly, the petition was transferred to the Fifth Circuit. Petitioner's request for authorization to file a second or successive petition was denied on May 3, 2012 by the United States Court of Appeals for the Fifth Circuit. *In re: Donald Burgo*, No. 12-30110 (5th Cir. 2012)**.**

The third *habeas* petition was likewise deemed a second and successive petition filed without authorization from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A), thereby rendering this Court without jurisdiction to proceed.

Accordingly, the petition was transferred to the Fifth Circuit.  Petitioner's request for authorization to file a second or successive petition was dismissed by the United States Court of Appeals for the Fifth Circuit on December 2, 2014.  *In re:  Donald Burgo*, No. 14-31199 (5th Cir. 2014)**.**

This Court's research reveals that on December 4, 2013, the United States Court of Appeals for the Fifth Circuit denied another request by petitioner for authorization to file a second or successive petition. *In re:  Donald Burgo*, No. 13-31091 (5th Cir. 2013)**.**

On October 13, 2014, petitioner attempted to remove his father's Louisiana State court succession action to this Court.  The action was remanded for lack of jurisdiction on December 18, 2014.  Petitioner's appeal was dismissed by  the United States Court of Appeals for the Fifth Circuit on March 17, 2015. *Burgo v. James S. Burgo Succession*, No. 14-31417 (5th Cir. 2014).

This is Burgo's fourth attempt to collaterally attack, in this federal Court, his Louisiana State court convictions for cruelty to the infirm and the habitual offender sentence imposed by the Sixteenth Judicial District Court for St. Mary Parish, Louisiana, which were the subject of his three previous federal *habeas* petitions.  The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive".[5]

---

[5]The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." " *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) *citing  Magwood v. Patterson*, 561 U.S. 320,  130 S.Ct. 2788,  2796 (2010).  Rather, it "must be interpreted with respect to the judgment challenged." *Id*. *citing Magwood*, 130 S.Ct. at 2797.  AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549

The petition attacks the same convictions and sentence that was the subject of Burgo's three previous petitions. The claims raised herein either were or could have been raised in the previous petitions. Moreover, Burgo's first petition was adjudicated on the merits.[6]

---

U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood*, 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").

The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

[6]Civil Action No. 6:10-1647 was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. § 2244(d). Although a dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See Barrow v. Cain,* 2007 WL 1035023, *2 (W.D. La. 2007) *citing Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005), *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations . . . operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."), *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D. Tex. 2005), *United States v. Casas,* 2001 WL 1002511, at *2 (N.D. Ill. 2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals), *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA.") and *United States v. Harris*, 2002 WL 31859440, *3 (E.D. Pa. 2002) ("the term 'second or successive petition'...whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."); *Lee v. Cain,* 2007 WL 2446123 (W.D. La. 2007); *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D. La. 2007); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D. Cal. 2001) (stating that "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely). *See also Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115

As Burgo is obviously aware, given his prior attempts to obtain authorization from the Fifth Circuit, before a second or successive petition may be considered by this Court, petitioner must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[7] The record does not show in this case that petitioner has received such authorization. To the contrary, this Court's records and those of the Fifth Circuit demonstrate that the Fifth Circuit has expressly denied petitioner such authorization on numerous occasions. Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition, insofar as it seeks federal *habeas*

---

S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) *citing United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir. 1999) (same).

[7] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

*corpus* relief, should be dismissed.[8]

To the extent that petitioner seeks this Court's intervention into the Louisiana succession action of his adoptive father, for the same reasons previously found with respect to petitioner's attempt to remove his father's succession, this Court is without jurisdiction to grant petitioner any relief. Federal courts cannot administer succession proceedings, or take control over, or dispose of, succession property. *See Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298 (1946) ("a federal court has no jurisdiction to probate a will or administer an estate", nor can a federal court "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court . . . ."); *Washington v. Riley*, 2012 WL 2339116, at *3.

Furthermore, under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to undertake review of the Louisiana State Courts' final rulings in the succession action which were apparently adverse to Burgo. *See Washington v. Riley*, 2012 WL 2339116 at *3 *citing Pease v. First National Bank*, 335 Fed. Appx. 412, 415

---

[8] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton*, - - F.3d - - , 2015 WL 1208061, *2 (5th Cir. 3/16/2015) *citing In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam). To the contrary, a district court may dispose of a petition lacking authorization through dismissal. *Fulton*, - - F.3d - - , 2015 WL 1208061, at *2 *citing United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). In this case, the Fifth Circuit has already denied petitioner authorization to file a second or successive federal *habeas corpus* petition. Accordingly, under these circumstances, it would serve no purpose for this court to transfer this petition to the Fifth Circuit for additional review. Therefore, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

(5th Cir. 2009) *citing D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

Finally, this Court cannot grant an injunction against Warden Cain or the State of Louisiana from enforcing certain restrictions upon petitioner's release from prison, nor can this Court enjoin attorney Robert P. Fuhrer from taking action on behalf of his clients. A movant for a preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 at fn. 15 (5th Cir. 2001) *citing Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998). The movant must prove all four elements and failure to prove any one of them will result in denial of the motion. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985). Burgo fails to satisfy the first element because there is no substantial likelihood of success on the merits.

The imposition of post-custody conditions of release by the State is plainly Constitutional. Convicted felons on release "are not entitled to the full panoply of rights and protections possessed by the general public." *United States v. Wayne*, 591 F.3d 1326,

1333 at fn. 5 (10th Cir. 2010) *citing Banks v. United States,* 490 F.3d 1178, 1187 (10th Cir. 2007) and *United States v. Knights,* 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) ("probationers do not enjoy the absolute liberty to which every citizen is entitled."); *see also United States v. Kincade*, 379 F.3d 813, 833 (9th Cir. 2004). Indeed, the Supreme Court has noted that "[a] broad range of choices that might infringe constitutional rights in a free society fall within the expected conditions . . . of those who have suffered a lawful conviction," *McKune v. Lile*, 536 U.S. 24, 36, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002), and that "conditional releases may claim 'only . . . conditional liberty properly dependent on observance of special parole restrictions' that extend 'substantially beyond the ordinary restrictions imposed by law on an individual citizen.' " *Kincade*, 379 F.3d at 834 *citing Morrissey v. Brewer*, 408 U.S. 471, 478, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

     Likewise, the complained of actions of attorney Robert P. Fuhrer are not subject to judicial curtailment. Attorneys are obligated to zealously represent their clients without the threat of suit from third parties compromising that representation. *First National Bank of Durant v. Trans Terra Corp*., 142 F.3d 802, 807 (5th Cir. 1998). Fuhrer merely represented his clients, Burgo's adoptive mother and daughter) in his adoptive father's succession proceeding and obtained a judgment of possession in their favor from the Court therein. Fuhrer additionally, apparently, obtained a restraining order prohibiting Burgo from contacting his clients upon his release from custody.

Given that Burgo was convicted of cruelty to the infirm after attacking both his mother and now deceased father, that action can in no way be deemed unreasonable. *See Burgo v. Stratton*, 6:09-1166, 2010 WL 582737, *1 (W.D. La. 2010) *citing Burgo v. Ruiz,* 6:09cv1165 (W.D. La. 2009) and *State v. Burgo*, 07–0227, 958 So.2d 1217 (La. App. 1st Cir. 6/8/07) (unpublished).

**IT IS THEREFORE RECOMMENDED** that the instant second and successive petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by Donald Burgo be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that any request by Burgo for this Court to intervene into the Louisiana succession action of his deceased adoptive father, James Samuel Burgo, be **DISMISSED.**

**IT IS FURTHER RECOMMENDED** that Burgo's Motion for a Preliminary Injunction [rec. doc. 9] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

**fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers, in Lafayette, Louisiana, March 30, 2015.

                                                                 _C. Michael Hill_
                                                              C. MICHAEL HILL
                                                              UNITED STATES MAGISTRATE JUDGE